IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                              19-CR-1091 MV

AMADEO SANCHEZ,

    Defendant.

## **DEFENDANT AMADEO SANCHEZ'S MOTION FOR A BILL OF PARTICULARS**

COMES NOW Defendant, Amadeo Sanchez, by and through his counsel of record, Joel R. Meyers, of the Law Office of Joel R. Meyers, LLC, and hereby respectfully moves the Court for an Order directing the government to provide a Bill of Particulars notifying him of his purported involvement in the alleged conspiracy to distribute multiple controlled substances as well as his alleged tampering with a witness. In support of this Motion, Mr. Sanchez submits the following:

## **FACTUAL BACKGROUND**

On September 26, 2018, Special Agents and Task Force Officers from the Drug Enforcement Administration executed a search warrant at 10710 Calle de Celina in Albuquerque, New Mexico. Mr. Sanchez was present during the execution of the warrant. While Mr. Sanchez was arrested that day, formal charges were not filed until he was indicted many months later on April 9, 2019. *See* Doc. 2. The original indictment (Doc. 2) charged Mr. Sanchez with, *inter alia*, participation in a one-day drug trafficking conspiracy alleged to have occurred on September 26, 2018.

On October 28, 2020, the grand jury returned a Superseding Indictment (Doc. 117). Mr. Sanchez was arraigned on the Superseding Indictment on November 2, 2020. The Superseding Indictment charges Mr. Mr. Sanchez with participation in a much broader conspiracy – one dating back to April 2018 – and with tampering with a witness over an 18-month period. The Superseding Indictment fails to explain this significant expansion of the time frame of the conspiracy. Additionally, the Superseding Indictment similarly fails to allege how Mr. Sanchez sought to tamper with a witness in this matter.

Since Mr. Sanchez's arrest, the defense has received hundreds of pages of documents and numerous recorded conversations. These documents, however, fail to inform Mr. Sanchez, with specificity, of the conduct the government believes supports the allegation that Mr. Sanchez conspired with others to distribute illegal drugs – other than his presence at the location of the September 26th search. Furthermore, the government has not identified which action(s) form the basis of the tampering allegations. As a result, the instant motion follows.

**LAW**

Fed. R. Crim. P. 7(c) states that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." The indictment must sufficiently apprise the defendant of what he is alleged to have done. A bill of particulars supplements an indictment drafted with insufficient particularity. *See United States v. Jensen*, 193 F. Supp. 2d 601, 605 (E.D.N.Y. 2002).

The Federal Rules of Criminal Procedure allow a defendant to "move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). A district court has "broad discretion" in deciding a motion for a bill of particulars. *United States v. Dunn*, 841 F.3d 1026, 1029 (10th Cir.1988). "A bill of particulars is

a formal written statement by the prosecutor providing details of the charges against the defendant. Its functions are to give the defendant notice of the essential facts supporting the crimes alleged in the indictment or information, and also to avoid prejudicial surprise to the defense at trial." Charles A. Wright and Andrew D. Leipold, Fed. Practice & Procedure: Criminal, § 129, 656 (4th ed. 2008). The purpose of a bill of particulars is "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *Dunn*, 841 F.2d at 1029.

"A bill of particulars is required 'only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.'" *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) [quoting *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990), overruled on other grounds as recognized by *United States v. Marcus*, 628 F.3d 36 (2d Cir. 2010)]. "A bill of particulars . . . supplements an indictment by providing information *necessary* for trial preparation." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (emphasis in original).

The Court is vested with broad discretion in deciding whether to grant a motion for bill of particulars. *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985); *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981). However, "where an indictment fails to set forth specific facts in support of requisite elements of the charged offense, and the information is essential to the defense, failure to grant a request for a bill of particulars may constitute reversible error." *Cole*, 755 F.2d at 760; *see also United States v. Sharpe*, 438 F.3d 1257, 1263 n. 3 (11th Cir. 2006) (noting that an indictment need not allege in detail the factual proof that will be relied

upon to support a charge, but failing to grant a motion for a bill of particulars to obtain information essential to the defense may be reversible error).

The granting or denial of a bill of particulars is within the trial court's discretion, but should be granted where the accused seeks information that would more specifically define the offenses charged, *see United States v. Evans*, 542 F.2d 805, 809 (10th Cir. 1976), and prevent the accused from being surprised at trial by "the particular acts or events that the government will cite at trial as establishing the crime." *Dunn*, 841 F.2d at 1029 (quoting LaFave & Israel, Criminal Procedure § 19.2(f) (1984)).

## **ARGUMENT**

As this Court is aware, Mr. Sanchez recently experienced a change in counsel (a change not for any purpose of delay) and new counsel has required some period of time to absorb and analyze the charges and the information provided relating to them. Throughout the case, the government has provided discovery on an ongoing basis which has also contributed to the difficulty for Mr. Sanchez to truly understand the charges facing him. The latest salvo by the government, which has significantly expanded the conspiracy and included an 18-month alleged campaign of intimidation, leaves Mr. Sanchez in an untenable position as trial approaches.

The Superseding Indictment in this matter includes broad allegations of Mr. Sanchez's involvement in a drug trafficking conspiracy over an extensive period of time. However, aside from boilerplate language, there are no specific allegations contained within the Superseding Indictment to support the charged conspiracy against Mr. Sanchez. As a result, he is unable to properly defend against the charges in the Superseding Indictment, or to adequately address issues such as role, quantity of drugs allegedly attributed to him, alleged acts undertaken by him

or the extent of his alleged participation, without the government providing the specific information in the form of a bill of particulars.

Mr. Sanchez is entitled to know what specific factual violations the government intends to prove at trial to avoid prejudice, surprise and possible double jeopardy. A bill of particulars is an appropriate means to provide such information. *United States v. Staggs*, 881 F.2d 1527, 1536 (10th Cir. 1989) (J. Logan, Circuit Judge, concurring); *United States v. Walters*, 188 F.R.D. 591, 596 (D. Kan. 1999), citing *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988).

Given the manner in which discovery was provided in this case, the very generalized indictment, and that the discovery provided sheds no light on the manner and means of the conspiracy, Mr. Sanchez is entitled to a Bill of Particulars in order to achieve an understanding of the basis for his alleged participation in the conspiracy and the evidence against him.

Proof of conspiracy in the Tenth Circuit requires a showing of: (1) two or more persons agree to violate the law; (2) that the coconspirator defendant knows the essential object(s) of the conspiracy; (3) defendant knowingly and voluntarily becomes a part of it; and (4) there is interdependence among the alleged conspirators. *United States v. Johnson*, 12 F.3d 1540 (10th Cir. 1993). Here, the Superseding Indictment fails to set forth language which advises Mr. Sanchez as to any specific information related to elements (2), (3), or (4), *supra*, over the six-month time period during which this conspiracy was alleged to have occurred.

In *Glasser v. United States*, 315 U.S. 60 (1942), the Supreme Court restated that a conspiracy indictment must state a common intent, but that "[t]he particularity of time, place, circumstances, causes, etc., in stating the manner and means of effecting the object of the conspiracy ... is not essential to an indictment." *Id*. at 66. For that type of specificity, a bill of particulars may be sought. *Id*. The Superseding Indictment in this matter fails to provide, with

particularity, details regarding the evidence against Mr. Sanchez, his role, alleged participation, or knowledge of the alleged conspiracy offense. Thus, the Superseding Indictment provides Mr. Sanchez with no notice regarding the alleged "time, place, circumstances, causes, etc." of his involvement in the alleged conspiracy. Failure to provide this information would impermissibly deprive Mr. Sanchez of a fair opportunity to prepare his defense.

Accordingly, Mr. Sanchez requests the government provide a bill of particulars for the purpose of informing Mr. Sanchez of the nature of the charges against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at time of trial and to enable him to plead his acquittal or conviction in the event of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purposes. *Wyatt v. United States*, 388 F.2d 395, 397 (10th Cir. 1968), quoting *United States v. Haskins*, 345 F.2d 111 (6th Cir. 1965) at 114; *see also United States v. Levine*, 983 F.2d 165, 166-167 (10th Cir. 1992).

Finally, Mr. Sanchez was recently provided with disclosure of phone calls allegedly occurring between a witness and himself, however, no support for the government's tampering allegations are to be found within this disclosure or any other discovery provided to Mr. Sanchez. In order for him to properly prepare his defense, it is crucial that this Court order the government to provide a Bill of Particulars as to Mr. Sanchez.

WHEREFORE, for the foregoing reasons, Mr. Sanchez respectfully requests this Court enter an Order requiring the government provide him with a Bill of Particulars.

Respectfully Submitted,

/s/ *Joel R. Meyers*
Joel R. Meyers
The Law Office of Joel R. Meyers, LLC
1000 Cordova Place, #930
Santa Fe, NM 87505
jrm@jrmeyerslaw.com
(505) 847-7757
(505) 847-5929 FAX

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that on this 16th day of November 2020, I filed the foregoing electronically through the CM/ECF system, which caused Counsel for the Plaintiff to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Letitia Simms
Lou Mattei
Assistant United States Attorneys
United States Attorney's Office
201 Third Street NW, Suite 900
Albuquerque, NM 87103


/s/ *Joel R. Meyers*