IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

                                     Case No. 19-CR-1091 MV

v.

AMADEO SANCHEZ,

       Defendant.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant Amadeo Sanchez's Motion for Bill of Particulars. Doc. 129. The government filed a timely Response in opposition. Doc. 130. Having considered the Motion, the relevant law, and being otherwise fully informed, the Court finds that the Motion is not well-taken and will be denied.

## **BACKGROUND**

Mr. Sanchez moves the Court for a bill of particulars to provide additional information about the allegations contained in Counts 1 and 8 of the Superseding Indictment from October 28, 2020 [Doc. 117]. Doc. 129 at 1. Count 1 charges him with Conspiracy, in violation of 21 U.S.C. § 846. Doc. 117 at 2. It alleges:

> Beginning on or about April 2018, and continuing until September 26, 2018, in Bernalillo County, in the District of New Mexico, the defendants, **PETER GOMEZ** and **AMADEO SANCHEZ**, unlawfully, knowingly and intentionally combined, conspired, confederated, agreed, and acted interdependently with each other and with other persons whose names are known and unknown to the Grand Jury to commit an offense defined in 21 U.S.C. § 841(a)(1), specifically, distribution of a controlled substance.

> <u>Quantity of Methamphetamine Involved in the Conspiracy</u>
> With respect to **PETER GOMEZ** and **AMADEO SANCHEZ**, the amount of methamphetamine involved in the conspiracy attributable to each of them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is 50 grams and more of methamphetamine, contrary to 21 U.S.C. § 841(b)(1)A).

Quantity of Heroin Involved in the Conspiracy

> With respect to **PETER GOMEZ** and **AMADEO SANCHEZ**, the amount of heroin involved in the conspiracy attributable to each of them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is 100 grams and more of a mixture and substance containing a detectable amount of heroin, contrary to 21 U.S.C. § 841(b)(1)(B).

*Id*.  Count 8 charges Mr. Sanchez with Tampering with a Witness, in violation of 18 U.S.C.

§ 1512(b)(1).  It alleges:

> On or between April 9, 2019, and October 13, 2020, in Cibola County, in the District of New Mexico, and elsewhere, the defendant, **AMADEO SANCHEZ**, did knowingly intimidate, threaten, and corruptly persuade D.S, and attempted to do so, by threatening to expose D.S. as a cooperator with the intent to influence, delay, and prevent the truthful testimony of D.S. in an official proceeding, that being trial scheduled in the matter *United States v. Gomez, et al*., criminal number 19-1091 MV, pending in the United States District Court for the District of New Mexico.

*Id*. at 5.

Mr. Sanchez requests a bill of particulars to provide additional details about: (1) the conduct supporting the allegation that he conspired with others to distribute illegal drugs—other than his presence at the location of the September 26 search, and (2) which of his actions forms the basis of the tampering allegations.  Doc. 129 at 2.  Regarding the first request, Mr. Sanchez specifically asks that the bill of particulars provide details regarding the evidence against him, including his role, alleged participation, and knowledge of the alleged conspiracy offense so that he may be aware of the alleged "time, place, circumstances, causes, etc." of his involvement.  *Id*. at 6.  Regarding the second request, Mr. Sanchez argues that no support for the government's tampering allegations exists within any of the discovery provided to him, and thus it is crucial that the government provide a bill of particulars.  *Id*.

In support, Mr. Sanchez points to caselaw establishing the need for a defendant to be adequately apprised of his conduct relating to the charges against him to allow him to prepare his defense; "to avoid prejudicial surprise to the defense at trial"; and to enable him to plead double

2

jeopardy should there be a later prosecution for the same offense.  Doc. 129 at 2–3, 6 (citing *United States v. Dunn*, 841 F.3d 1026, 1029 (10th Cir. 1988); *Wyatt v. United States*, 388 F.2d 395, 397 (10th Cir. 1968); and *United States v. Levine*, 983 F.2d 165, 166–167 (10th Cir. 1992)).  In light of Mr. Sanchez's recent change in counsel, he asks for a bill of particulars to specify the allegations of conspiracy and witness tampering so that he may properly defend against the charges in the Superseding Indictment.  *Id*. at 4.  Mr. Sanchez also states that discovery has been provided on an ongoing basis, which has contributed to difficulties in understanding the underlying charges and has failed to shed light on the manner and means of the alleged conspiracy.  *Id*. at 5.  He argues that the new indictment, which expands the time period of the conspiracy and adds witness tampering, leaves him "in an untenable position as trial approaches."  *Id*. at 4.

In response, the Government argues that the superseding indictment sufficiently sets forth the elements of the charged offenses and appropriately apprises Mr. Sanchez of the charges against him such that he is fully able to prepare for trial and plead double jeopardy.  Doc. 130.  The Government states that the superseding indictment satisfies the Tenth Circuit's two-part test to determine the sufficiency of an indictment because (1) it contains the elements of each offense and sufficiently apprises the defendant of what he must be prepared to meet, and (2) it shows to what extent the defendant may plead a former acquittal or conviction as a bar to further prosecution for the same cause.  *Id*. (citing *United States v. Wells*, 873 F.3d 1241, 1254 (10th Cir. 2017)).

Regarding the conspiracy count, the Government states that an indictment setting forth the dates of the illegal activity, the place, and the specific controlled substance is sufficient—and that this indictment does just that, closely tracking the Tenth Circuit's pattern jury instructions.  Doc. 30 at 5.  The fact that the time period of the alleged conspiracy is six months does not render the indictment legally insufficient.  *Id*.  The Government notes that Mr. Sanchez cited no caselaw for

his argument that additional details are required because the conspiracy was "over an extensive period of time." *Id*. The Government also asserts that the information Mr. Sanchez requests regarding his role in the conspiracy, the quantity of drugs attributed to him, and the extent of his participation is "obvious from the face of the indictment," which plainly sets forth the time, place, and circumstances of the conspiracy. *Id*.

Regarding the witness tampering count, the Government notes that it filed its witness list for trial in April 2020 and listed D.S. as a witness in its case-in-chief. Doc. 130 at 2, Doc. 60. D.S. was also a resident of the house where agents seized the methamphetamine, heroin, and firearms related to this case. *Id*. D.S. pled guilty to conspiracy and drug-related charges pre-indictment. *Id*. The Government asserts that since April, Mr. Sanchez has repeatedly attempted to persuade D.S. to lie to investigators and to the Court, as evidenced by written and telephonic communications between Mr. Sanchez and D.S., copies of which have already been provided to defense counsel. *Id*.

The Government states that Mr. Sanchez already possesses complete discovery regarding the witness tampering and drug trafficking charges. Doc. 130 at 7. It argues that Mr. Sanchez may not use a bill of particulars "to compel the Government to disclose evidentiary details or to explain the legal theories upon which it intends to rely at trial." *Id*. (citing *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983)). The Government argues that it has provided complete discovery and it is now Mr. Sanchez's responsibility to use the information to prepare his defense, even if "the discovery [is] copious and the preparation of the defense [is] difficult." *Id*. (citing *United States v. Ivy*, 83 F.3d 1266, 1282 (10th Cir. 1996)). Finally, the Government argues that the superseding indictment is not so complex as to warrant a bill of particulars. *Id*. (citing *United States v. Rogers*, 617 F. Supp. 1024, 1026 (D. Colo. 1985)).

**STANDARD**

Federal Rule of Criminal Procedure 7(f) provides that "[a] court may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). A defendant can move for such a bill "before or within 14 days after arraignment or at a later time if the court permits." *Id*. The purpose of a bill of particulars is "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purposes." *Wyatt*, 388 F.2d at 397; *see also United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir. 1995).

While a detailed indictment and full discovery may obviate the need for a bill of particulars, *Kunzman*, 54 F.3d at 1526, it is within a trial court's discretion to grant or deny the bill. *United States v. Evans*, 542 F.2d 805, 809 (10th Cir. 1976). The requirement that a defendant show cause for a bill of particulars was eliminated by the Advisory Committee on Rules in 1966. *See* Fed. R. Crim. P. 7 advisory committee's note. The Tenth Circuit discussed this change in *King v. United States*, 402 F.2d 289, 292 (10th Cir. 1968), remarking that Rule 7(f) was "amended for the purpose of liberalizing the office of the bill of particulars." *Id*. The Court then explained:

> The liberalization was undoubtedly in recognition of the trend toward fuller disclosure of the Government's case to better serve the ends of criminal justice. While the discretion continues to reside in the trial court, it should be freely exercised with an awareness that an indictment may be sufficient on its face to state an offense, yet insufficient to adequately inform the accused of the charge against him to enable him to properly prepare his defense and, at least, to avoid prejudicial surprise.

*Id*. However, a defendant's conclusory statement that a need exists for certain information is not enough. *See United States v. Pottorf*, 769 F. Supp. 1176, 1182 (D. Kan. 1991) (citing *United States v. Wells*, 387 F.2d 807, 808 (7th Cir. 1968)).

## DISCUSSION

First, although Mr. Sanchez has exceeded the 14-day window in which he could have moved for a bill of particulars by right, the Court will exercise its discretion under Rule 7(f) to permit this later filing. *See* Fed. R. Crim. P. 7(f).

Moving to the merits, the Court finds that Mr. Sanchez's request for a bill of particulars is not warranted. In *United States v. Dunn*, the Tenth Circuit considered the sufficiency of an indictment for controlled substance conspiracy under 21 U.S.C. § 846. 841 F.2d at1029. The Tenth Circuit stated that "[a]n indictment is generally sufficient if it sets forth the offense in the words of the statute so long as the statute adequately states the elements of the offense." *Id*. (internal citation omitted). Because the indictment in *Dunn* quoted 21 U.S.C. § 846 and specified the dates of the illegal activity, the place, and the controlled substance involved, it was sufficient. *Id*. The Tenth Circuit specified that "[a]n indictment need not go further and allege in detail the factual proof that will be relied upon to support the charges." *Id*. (internal citation omitted). The Tenth Circuit affirmed the district court's denial, stating that the function of bill of particulars is not to seek evidentiary detail, and that a bill of particulars under Rule 7(f) is not a discovery tool and is not intended to allow defendants a preview of evidence. *Id*.

Here, Mr. Sanchez first requests a bill of particulars regarding Count 1, which charges conspiracy, because he claims there are no specific allegations contained within the Superseding Indictment to support the charge against him. Doc. 129 at 4. But the indictment specifies the dates, the place, and the controlled substances involved: it alleges that the conspiracy lasted from April 2018 to September 26, 2018, that it occurred in Bernalillo County in the District of New Mexico, and that it involved more than 50 grams of methamphetamine and 100 grams of a mixture containing a detectable amount of heroin. Doc. 117 at 2–4.

The Tenth Circuit's Criminal Pattern Jury Instructions indicate that a defendant must know the essential objective of the conspiracy, must knowingly and voluntarily involve himself, and must have interdependence among the members.  *See* Tenth Cir. Crim. Pattern Jury Instr. 2.87 (2018 update).  Mr. Sanchez argues that the indictment fails to specify any element of his knowledge of the alleged conspiracy.  Doc. 129 at 5.  However, the indictment does outline the circumstances that gave rise to the alleged conspiracy, stating that Mr. Sanchez and Mr. Gomez unlawfully, knowingly and intentionally combined, conspired, confederated, agreed, and acted interdependently to distribute the controlled substances listed in the indictment.  Doc. 117 at 2. Mr. Sanchez's states that he needs more information "to avoid prejudice, surprise and possible double jeopardy," but he does not cite to any authority as to why he would be entitled to information beyond what the Tenth Circuit held was sufficient in *Dunn*.  Doc. 129 at 5.

Next, Mr. Sanchez requests a bill of particulars regarding Count 8, which charges witness tampering, because he claims there is no support for the allegation in any discovery provided to him.  Doc. 129 at 6.  But Count 8 specifically alleges that between April 9, 2019, and October 13, 2020, while in Cibola County, Mr. Sanchez tampered with a witness by "knowingly intimidat[ing], threaten[ing], and corruptly persuad[ing] D.S." in order to prevent her truthful testimony, in violation of 18 U.S.C. § 1512(b)(1).  Doc. 117 at 6.  The Government has provided two letters and multiple jail calls in which Mr. Sanchez threatened D.S. in an attempt to persuade her to change her testimony for his benefit.  Doc. 130 at 7.  As the Tenth Circuit has noted, Mr. Sanchez "is not entitled to know all the *evidence* the government intends to produce, but only the *theory* of the government's case."  *Dunn*, 841 F.2d at 1029 (internal citation omitted) (emphasis in original).  The Government has provided the discovery underlying Count 8, which explains specifically when, where, and how Mr. Sanchez allegedly tampered with the Government's

witness, D.S.  Doc. 130 at 7.

On the whole, the Government has provided complete discovery that gives Mr. Sanchez the information he needs to prepare his defense.  The superseding indictment sets forth all of the specific information required by the Tenth Circuit to support the elements of the charged offenses. The other purposes of a bill of particulars—to avoid or minimize the danger of surprise at the time of trial and to enable him to defend against double jeopardy—are also not at issue here.  Mr. Sanchez will not be surprised at trial because he has "complete discovery at his disposal as to all counts of the superseding indictment."  Doc. 130 at 8.  Mr. Sanchez also will be able to plead double jeopardy in the event of a later prosecution for the same offense because the superseding indictment clearly lays out the elements of each offense and tracks the statutory language for each offense.  For all of these reasons, the Court finds that a bill of particulars is not warranted in this case.

## CONCLUSION

For the foregoing reasons, Mr. Sanchez's Motion for Bill of Particulars [Doc. 129] is hereby **DENIED**.

ENTERED this 8th day of December, 2020.

MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE