UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    No. 19-CR-1091 MV

AMADEO SANCHEZ

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Mr. Sanchez's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) Based on Extraordinary and Compelling Circumstances. Doc. 198. Mr. Sanchez's argument for a reduction in his sentence is premised upon him having spent time in custody prior to his sentencing in this case, which was not counted toward any sentence. *Id.* at 3. Specifically, Mr. Sanchez states that he was arrested on September 26, 2018 and held until his release on February 19, 2019, rearrested on April 10, 2019, and then held continuously. *Id.* at 2-3. Mr. Sanchez was sentenced on September 30, 2021. Doc. 189. At sentencing, Mr. Sanchez was sentenced to 84 months imprisonment. Doc. 191. At that time, he evinced awareness that he would receive no credit for the approximately five months he spent in custody from September 2018 to February 2019. Doc. 192 at 32-33. In calculating his release date as December 21, 2027, the Bureau of Prisons seems to also not have counted the time he spent in federal custody between his rearrest in April 2019 and his sentencing in September 2021. Doc. 198 at 4. That the Bureau of Prisons did not credit the time between April 2019 and September 2021 in calculating the length of his sentence is the basis of Mr. Sanchez's motion.

Mr. Sanchez's plea depends on two factual premises that were questioned by the government in its Response. The first factual premise is that the time Mr. Sanchez spent in custody between April 2019 and September 2021 was not credited toward his Nevada sentence. Doc. 198 at 3; Doc. 201 at 5. Specifically, Mr. Sanchez asserts that "documentation from Nevada shows that Nevada did not credit any of this time toward a sentence." Doc. 198 at 3. The government, in turn, states that "the United States has been provided with no information that the State of Nevada did not credit this time." Doc. 201 at 5. The second factual premise is that Mr. Sanchez exhausted his administrative remedies before requesting relief from this Court. Doc. 198 at 5; Doc. 201 at 7. Mr. Sanchez asserts that he requested relief through the Bureau of Prisons, and the Warden denied his request in or around March 2022. Doc. 198 at 5. The government states that "the United States has not been provided with any additional documentation showing the Defendant has indeed sought an administrative remedy." Doc. 201 at 7.

In Reply to the government, defense counsel requested that "the Court stay a ruling on the instant motion until such time that undersigned counsel can provide the Court with confirmation of Mr. Sanchez's exhaustion of administrative remedies." Doc 202 at 2 n.1. The Court finds that not only is evidence of Mr. Sanchez's exhaustion of administrative remedies necessary to his argument for compassionate release, but also evidence that the allegedly unaccounted for time in custody was truly unaccounted is necessary as well. The Court will reserve ruling on Mr. Sanchez's motion until such evidence is provided. The Court requests that defense counsel furnish such evidence to the Court by May 9, 2025, or else provide an update as to their efforts to obtain such evidence at that time.

**IT IS THEREFORE ORDERED THAT** Mr. Sanchez will provide the requested evidence to the Court by May 9, 2025.

ENTERED this 23rd day of April 2025.

_____
MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE