IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                            No. 19-CR-1091 MV

AMADEO SANCHEZ

      Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Mr. Sanchez's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) Based on Extraordinary and Compelling Circumstances. Doc. 198. The Court, having considered the memos, briefs, and relevant law, and being otherwise fully informed, finds that the Motion is well-taken and will be granted.

BACKGROUND

In August 2018, based on information from a Confidential Source, Drug Enforcement Administration (DEA) Agents made several controlled purchases of narcotics from the residence at 10710 Calle de Celina in Corrales, New Mexico. Doc. 171 ¶ 12. On September 26, 2018, DEA Agents and other law enforcement officers executed a search warrant at the 10710 residence. *Id.* ¶ 13. Mr. Sanchez was living at the residence with his ex-wife and co-defendant, Donna Sanchez, and a third co-defendant, Peter Gomez. Doc. 198 at 2. In the room that Mr. and Mrs. Sanchez shared, agents found approximately 340 grams of methamphetamine, 982 grams of heroin, and three firearms. Doc. 201 at 2. In Mr. Gomez's room, agents found approximately 1,023 grams of

1

methamphetamine and $22,452 in cash. *Id.* Mr. Sanchez was arrested that day based on a parole violation in connection with a Nevada state case. Doc. 198 at 2-3.

Mr. Sanchez was held on the state parole violation from September 26, 2018, to February 19, 2019, when he was released on conditions. Doc. 171 ¶ 20. He was rearrested for a violation of his conditions of release on April 10, 2019. *Id.* On April 29, 2019, after the government filed a Motion for Writ of Habeas Corpus Ad Prosequendum, Mr. Sanchez was transferred to federal custody in connection with the instant offense. *Id.* Mr. Sanchez has remained in continuous custody since that day. *Id.* He entered into a Rule 11(c)(1)(C) plea agreement on March 1, 2021. Docs. 153, 154. Mr. Sanchez pleaded guilty to Count 1 of the Information, charging him with Conspiracy, in violation of 21 U.S.C. § 846, Count 2 of the Information, charging him with Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), Count 7 of the Superseding Indictment, charging him with Possessing a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c), and Count 8 of the Superseding Indictment, charging him with Witness Tampering, in violation of 18 U.S.C. § 1512(b)(1). *Id.* The possession charge as set forth in Count 7 carried a mandatory minimum term of imprisonment of 60 months. The plea agreement established a sentencing range of 84 to 120 months. *Id.*

Mr. Sanchez was sentenced on September 30, 2021. Doc. 189. The Court imposed a sentence of 84 months imprisonment, to be followed by supervised release. Doc. 191. The Court ordered that Mr. Sanchez's federal sentence run concurrently with the time imposed for his parole violation in his Nevada state case. *Id.*; doc. 192 at 29. At sentencing, all parties agreed that Mr. Sanchez would not receive credit for the approximately five months that he spent in custody from September 26, 2018, through February 19, 2019, and the 19 days that he spent in custody from April 10, 2019, through April 29, 2019. Doc. 192 at 29; doc. 198 at 4. Also at sentencing, all parties

agreed that Mr. Sanchez would receive credit for the time between his writ into federal custody and his sentencing, namely April 29, 2019 to September 30, 2021, on *one case*, either his Nevada state case or the instant case, recognizing that the Bureau of Prisons ("BOP") would not credit him for this time if he received credit for it on the Nevada state case. Doc. 190 at 20.

On February 3, 2025, Mr. Sanchez filed the instant Motion. Doc. 198. On February 21, 2025, the government responded. Doc. 201. On March 7, 2025, Mr. Sanchez replied. Doc. 202. On April 23, 2025, this Court issued a Memorandum Opinion and Order reserving ruling on the Motion until Mr. Sanchez provided two critical pieces of evidence to the Court: 1) documentation showing that the allegedly unaccounted for time in custody was truly unaccounted for and 2) evidence that Mr. Sanchez exhausted administrative remedies before moving for compassionate release. Doc. 203. Mr. Sanchez submitted both pieces of evidence on July 14, 2025. Doc. 208.

## DISCUSSION

Mr. Sanchez argues that the Court should reduce his 84-month sentence based on the extraordinary and compelling circumstance that he has received no credit for the 29 months that he spent in federal custody between April 2019 and September 2021. Doc. 198 at 1; doc. 208 at 1. Mr. Sanchez argues that the Court should remedy this issue pursuant to the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i), as amended by section 603 of the First Step Act of 2018. Doc. 198 at 1. The government opposes this request on several grounds: 1) compassionate release is the incorrect remedy for this problem; 2) Mr. Sanchez has failed to exhaust his administrative remedies; 3) the circumstances are not extraordinary; and 4) the 18 U.S.C. § 3553(a) factors do not support a shorter sentence for Mr. Sanchez. Doc. 201. As set forth herein, the Court finds as follows: compassionate release is a proper remedy; Mr. Sanchez has furnished the necessary

3

evidence; the circumstances are extraordinary and compelling; and the § 3553(a) factors do not counsel against compassionate release.

1. **18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, is a proper remedy.**

Although a district court generally cannot modify an already-imposed sentence, in 1984, Congress enacted 18 U.S.C. § 3582(c) to give district courts the discretion to do so in extraordinary situations. *See Dillon v. United States*, 560 U.S. 817, 817 (2010); 18 U.S.C. § 3582(c). In the First Step Act of 2018, Congress expanded the power and discretion afforded to district courts considering compassionate release. Specifically, Congress amended 18 U.S.C. § 3582(c)(1)(A) to also allow defendants, and not only the BOP, to bring motions for compassionate release. *See United States v. Almontes*, No. 3:05-CR-58, 2020 WL 1812713, *1 (D. Conn. Apr. 9, 2020) ("It is widely acknowledged that the BOP fell short in its gatekeeper role and that, as a result, too few inmates were granted compassionate release.").

When the Sentencing Commission reached quorum in August 2022, it amended the sentencing guidelines to reflect this congressional change. The Sentencing Commission also expanded the list of extraordinary and compelling reasons that a court may consider. *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021); *see* 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in Section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."). Notably, U.S.S.G. § 1B1.13(5) provides a catch-all, allowing a court to consider "any other circumstances or combination of circumstances that . . . are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13.

As amended, 18 U.S.C. § 3582(c) states that a court can reduce a defendant's sentence when the court (1) finds extraordinary and compelling reasons for the reduction, (2) ensures any

sentence reduction is consistent with applicable policy statements, and (3) has considered the relevant sentencing factors under 18 U.S.C. § 3553(a). *Maumau*, 993 F.3d at 831. If the Court is considering a sentence reduction upon motion of the defendant, the statute also requires that the defendant "has fully exhausted all administrative rights to appeal." 18 U.S.C. § 3582 (2020).

Without citing to any legal authority, the government summarily argues that "the proper route to challenge BOP's calculation of sentence is via 28 U.S.C. § 2241 habeas petition," rather than via a compassionate release motion pursuant to 18 U.S.C. § 3582(c). Doc. 201 at 1. "A petition brought under 28 U.S.C. § 2241 typically attacks the execution of a sentence [ ] and must be filed in the district where the prisoner is confined." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (citations omitted). Here, the issue is not whether the BOP properly executed the Court's directive, which was simply that Mr. Sanchez's sentence run concurrently to the sentence imposed in his Nevada state case. Instead, the issue is that, because the Nevada state court did not give him credit for the 29 months he was in custody between April 29, 2019, and September 30, 2021, Mr. Sanchez effectively will need to serve 29 months longer in custody to complete the 84-month sentence imposed by this Court. As the transcript from the sentencing hearing makes clear, the parties and the Court contemplated that, because he would receive credit for those 29 months on his Nevada state sentence, he would not similarly receive that credit on his instant sentence. Doc. 192 at 20:10-21:3. Accordingly, no one contemplated that the BOP – as opposed to the Nevada state correctional system – would credit Mr. Sanchez with those 29 months in the first instance. The issue on the instant motion thus is not the propriety of the BOP's execution of Mr. Sanchez's judgment, but rather whether the fact that his release date is 29 months later than the Court and the parties predicted constitutes an extraordinary and compelling reason warranting a sentence reduction pursuant to § 3582(c).

2. **Mr. Sanchez has furnished the necessary documentation to support his Motion for Compassionate Release.**

On May 15, 2025, this Court ordered Mr. Sanchez to provide evidence that he had exhausted his administrative remedies and that the allegedly unaccounted-for time was not credited toward a different sentence. Doc. 203 at 2. The fact of whether Mr. Sanchez exhausted his administrative remedies before moving for compassionate release is a threshold issue in this case. Pursuant to § 3582(c), a district court may only consider compassionate release upon a defendant's motion when the defendant has exhausted their administrative remedies. *United States v. Hemmelgarn*, 15 F.4th 1027, 1030-31 (10th Cir. 2021). Because it is a threshold issue, the Court reserved ruling on the motion until Mr. Sanchez had an opportunity to present evidence of exhaustion. Based on the affidavit that Mr. Sanchez filed, doc. 208-1, the Court is satisfied that there has been "the passage of 30 days from the defendant's unanswered request to the warden for such relief." 18 U.S.C. § 3582(c)(1)(A).

The second necessary piece of evidence is documentation that the disputed time was not counted toward Mr. Sanchez's Nevada state sentence, or any other. *See* doc. 201 at 5. As will be detailed in the next section, such evidence is necessary for the Court's consideration of whether the circumstances are extraordinary and compelling. Therefore, the Court likewise reserved ruling until it was provided, which it was, along with the evidence of administrative exhaustion, on July 14, 2025. *See* doc. 208-2.

3. **The facts of Mr. Sanchez's case are extraordinary and compelling.**

Having found that Mr. Sanchez meets the exhaustion requirement, the Court next considers whether the circumstances are extraordinary and compelling. The Court finds that they are. District courts have wide discretion to decide what constitute extraordinary and compelling circumstances. *See Maumau*, 993 F.3d at 831-32 (noting that the district court's discretion in determining the

bounds of extraordinary and compelling is circumscribed by the responsibility of considering the applicable policy statements and the § 3553(a) factors).

Mr. Sanchez's case is extraordinary and compelling because he received no credit at all for 29 months that he spent incarcerated. See 18 U.S.C. 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."). As noted above, the Nevada state system did not credit the time he spent in federal custody between April 29, 2019, when he was writted into federal custody, and September 30, 2021, when he was sentenced in the instant case.[1] *See id.*; doc. 208-2. The BOP also did not credit this time against his sentence in the instant case. As a result, Mr. Sanchez received *no credit* for this period in connection with any case at all. Under these circumstances, the government's argument that Mr. Sanchez cannot get credit for two different cases at the same time is inapposite.[2] Doc. 201 at 8, doc. 192 at 20-21. Doc. 198 at 3. Nor can the Court agree with the government that it is a "mere disappointment" that Mr. Sanchez did not, as contemplated by the parties and the Court, receive credit for 29 months of imprisonment. Doc. 201 at 9.

The government's argument that Mr. Sanchez's uncredited time in custody was explicitly addressed at the sentencing hearing also misses the mark. *See* doc. 201 at 4; doc. 192 at 33. The

---

[1] The government states that Mr. Sanchez was in primary state custody between April 2019 and September 2021. Doc. 201 at 9. For this proposition, the government cites to the docket: docs. 6, 11, and 12. *Id.* However, the enumerated filings show that Mr. Sanchez was transferred to federal custody via writ in April 2019 and has remained continuously in federal custody since that date. Docs. 6, 11, 12.

[2] The Court agrees that, before being sentenced in this case, Mr. Sanchez could not receive credit for time served in both this case and another case, if he was in fact held on the other case. However, after sentencing, if a court determines that a federal sentence should be run concurrent with a state sentence, it is possible for a defendant to receive credit in two cases at the same time. *Setser v. United States*, 566 U.S. 231, 236 (2012).

subject of the discussion to which the government refers was not this 29-month period, but rather the periods that Mr. Sanchez spent incarcerated on a parole violation after his arrest in the instant offense from September 6, 2018, to February 19, 2019, and from April 10, 2019, to April 29, 2019. Doc. 192 at 33. Mr. Sanchez concedes that he did not, and cannot, receive credit for this time, and his request for relief does not encompass this period. Doc. 198 at 1 n. 2, 2-3; doc. 192 at 33:12-34:2 ("So that time . . . he's not going to get credit for. There is nothing that this Court can do to give him credit for [it]."). In contrast, however, the transcript suggests that everyone – the Court, Mr. Sanchez, and the government – *did* contemplate that Mr. Sanchez would get credit "for one" case for the period of incarceration between the writ into federal custody and sentencing. Doc. 192 at 20:12-14.

The Court's determination is well within the bounds of the Sentencing Commission's description of extraordinary and compelling. *See Maumau*, 993 F.3d at 833-34 ("District courts . . . decide for themselves whether "extraordinary and compelling reasons" exist in a given case. Then [] district courts turn to the Sentencing Commission's applicable policy statements to determine whether a reduction is "consistent with" those policy statements."). Mr. Sanchez's case falls into "the 'Other Reasons' (ie. 'catch-all') category that the Sentencing Commission clearly intended to exist." *Maumau*, 993 F.3d at 836.

According to the applicable policy statements, the Court may only reduce a term of imprisonment when the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). Importantly, the Court is not granting immediate release for Mr. Sanchez. Mr. Sanchez will serve the remainder of his time in custody and then serve three years on supervised release, which is designed specifically to protect the safety of the community and ensure that Mr. Sanchez is neither

a danger to himself nor anyone else. The same conditions enumerated at his 2021 sentencing hearing, doc. 192 at 72-75, will be imposed.

> **4. Consideration of the 18 U.S.C. § 3553(a) factors in this case does not change the Court's decision to afford compassionate release.**

Finally, in deciding a new sentence for Mr. Sanchez, the Court must consider the § 3553(a) factors. *See Maumau*, 993 F.3d at 828. 18 U.S.C. § 3553(a) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant. *See* 18 U.S.C. § 3553(a). It also requires the Court to impose a sentence that complies with the purposes of sentencing, which include (1) retribution, (2) deterrence, (3) incapacitation, and (4) rehabilitation. *Id.*

The Court takes seriously the danger of drugs and firearms in our community. Doc. 192 at 70. The Court is concerned by Mr. Sanchez's extensive criminal history, his disciplinary problems while in custody, and his attempt to influence a witness's testimony. *Id.*; doc. 201 at 14. However, the Court also finds that mitigating circumstances exist. Mr. Sanchez's father died when Mr. Sanchez was six years old. Doc. 192 at 64. He was raised by his mother, who struggled with alcoholism. *Id.* The two siblings with whom Mr. Sanchez was raised have also spent time in prison. *Id.* Mr. Sanchez has a lifelong substance abuse problem. He started drinking alcohol and smoking marijuana when he was only seven years old, moving on to harder drugs, such as cocaine and heroin, when he was eleven or twelve. *Id.* at 65. Mr. Sanchez was placed in an adult prison when he was sixteen years old. *Id.* There, he suffered intense trauma from the violence around him. *Id.* His last formal schooling was in middle school. *Id.*

Mr. Sanchez has both physical and mental health concerns, in addition to his substance abuse issues. *Id.* at 67. The offense of conviction showed him to be a drug user working as a low-level drug dealer. Doc. 198 at 10. He admitted his role and took responsibility for his actions. *Id.*

He has taken steps to change his life in the years since. He is currently participating in GED classes. *Id.* at 11. He ended his relationship with his co-defendant, Donna Sanchez, and married Val Wolfe, whom he believes will support him in his rehabilitation. *Id.* at 68. Mr. Sanchez has other supportive family members as well. *Id.* Mr. Sanchez has spent most of his adult life incarcerated. Doc. 201 at 14.

With respect to deterrence, the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and promote public safety, a sentence reduction that results in Mr. Sanchez serving 84 months in custody for this crime is sufficient. *See* 18 U.S.C. § 3553(a). With respect to rehabilitation, the Court hopes that Mr. Sanchez's remaining time in custody, and his three years on supervised release, will enable him to study, gain work skills, maintain gainful employment, and participate in mental health and substance abuse treatment.

Importantly, the Court found at sentencing that the § 3553(a) factors counsel in favor of an 84-month term of imprisonment. The Court finds the same determination to be true today. The Court grants Mr. Sanchez's motion to functionally impose an 84-month term of incarceration.

## CONCLUSION

For the reasons set forth herein, Mr. Sanchez has demonstrated extraordinary and compelling reasons for the Court to reduce his sentence under § 3582(c)(1)(A).

**IT IS THEREFORE ORDERED THAT** Mr. Sanchez's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) Based on Extraordinary and Compelling Circumstances [Doc. 198] is **GRANTED**.

**IT IS FURTHER ORDERED THAT** the total term of Mr. Sanchez's imprisonment shall be reduced to a term of 60 months and one day, as follows: Mr. Sanchez's sentence shall be reduced

to a term of one day of imprisonment as to each of Counts 1 and 2 of the Information and Count 8 of the Superseding Indictment, with said terms to run concurrently with each other; and a term of 60 months of imprisonment as to Count 7 of the Superseding Indictment, with said term to run consecutively to the term imposed for all other counts. The sentence in this case shall run concurrently to Mr. Sanchez's undischarged parole violation in the Eighth Judicial District Court in Las Vegas, Nevada, Case No. C215059. A term of three years of supervised release shall be imposed as to each of Counts 1 and 2 of the Information and Counts 7 and 9 of the Superseding Indictment, all to be run concurrently with each other.

The Court has been notified by U.S. Probation that the defendant is now married and has an approved residence in California residing with his wife. The Court will therefore amend the supervised release condition requiring him to reside at a residential reentry center to be at the discretion of U.S. Probation.

**IT IS FURTHER ORDERED THAT** an Amended Judgment consistent with this Opinion shall be entered contemporaneously herewith.

ENTERED this 6th day of October 2025.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE